UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MILWAUKEE DIVISION

| | |
|---|---|
| ROSALIND MAIDEN, On Behalf of Herself and Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MERGE TECHNOLOGIES, INC., (d.b.a. MERGE HEALTHCARE), RICHARD A. LINDEN, SCOTT T. VEECH and KPMG LLP,<br><br>Defendants. | CIVIL No. 2:06-00349-RTR<br><br>Judge Rudolph T. Randa |

## ORDER APPROVING DISTRIBUTION OF SETTLEMENT PROCEEDS

Lead Plaintiff, the Southwest Carpenters Pension Trust, moved this Court for an Order approving a distribution plan for the Net Settlement Fund, and the Court having considered all materials and arguments submitted in support of the motion, including the memorandum in support and the Declaration of Jennifer M. Keough ("Keough Declaration") submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The accounting of the receipts to and disbursements from the Settlement Fund is approved;

2. The administrative recommendations to accept Claims, including the Claims filed after the November 11, 2008 deadline ("Late Claims") but before the date of the Keough Declaration, and to reject wholly ineligible or otherwise deficient Claims, as recommended by the Claims Administrator, The Garden City Group, Inc. is adopted;

3. Distribution of the Net Settlement Fund (after deduction of the payments for accrued and anticipated expenses as authorized by the Court) to the Authorized Claimants in proportion to their Recognized Loss amounts as stated in the Court-approved Plan of Allocation is directed;

4. The recommended plan for the remaining funds following distribution is adopted as follows:

    a. If cost effective, not less than six months after the distribution, a further distribution of the Net Settlement Fund should be conducted, pursuant to which all funds from undeliverable, uncashed, or returned checks, after payment to any Claimants who validly contest and support the amount they deserve and payment of any unpaid costs or fees incurred or to be incurred in connection with administering the Net Settlement Fund, shall be distributed to Authorized Claimants who cashed their distribution checks and who would receive at least $25 in such further distribution based on their Recognized Loss, with additional redistributions thereafter in six-month intervals until

GCG and Lead Counsel determine that further redistribution is not cost-effective; and

b. At such time as GCG and Lead Counsel determine that further redistribution is not cost-effective, donation of the balance of the Net Settlement Fund, after payment of any unpaid costs or fees in connection with administering the Net Settlement Fund, to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel.

5. Settlement Class Members are barred from making any further claim against the Net Settlement Fund;

6. Destruction of paper copies of the Claim Form and electronic copies of Claims records one and three years after final distribution, respectively, is authorized;

7. Payment to the Claims Administrator, The Garden City Group, Inc., from the Settlement Fund of its final fees and expenses incurred and to be incurred in connection with the administration of the Settlement, in the total amount of $361,188.48 is authorized; and

8. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: October 26, 2009  *s/ Rudolph T. Randa*
HON. RUDOLPH T. RANDA
UNITED STATES DISTRICT COURT JUDGE